May it please the court, my name is Gail Gray and I appear on behalf of appellant Marcia Adolphe. Good morning. Appellant respectfully asked the court to reverse the judgment of conviction because the plea proceeding plainly failed to comport with the requisites of Rule 11 and appellant's execution plainly failed to demonstrate his guilt of health care fraud under then-existing and long-entrenched circuit precedent affecting substantial rights and the integrity of the court. Years ago, appellant entered what we submit was an imperfect plea to health care fraud. During the change of plea proceeding, appellant admitted deceit but denied causing, contemplating, or intending economic harm. So can I ask, you are not disputing that we need to review this challenge under plain error, right? I heard you say that it was a plain... I'm not disputing. Okay, and then so does that mean you agree that the burden is to show that there's a reasonable probability that but for the error your client would not have entered the plea? Yes. Okay, so what specifically do you think shows that there's some possibility that he would have not entered the plea had the district court explained the elements that you think are missing? His insistence that the benefit of the bargain was achieved, his insistence that he provided the therapeutic services and was paid for the therapeutic services. He never wavered on that point and he never wavered on the fraudulent, that element, that fraudulent intent element. And if he had been asked whether or not he failed to serve the children, he would have said, I'm not going to do that. His allocution speaks eloquently to his refusal, his denial, to admit that the services weren't performed. Okay, so the last part is not in the record, right? Which part? You're saying that if he had been asked, he wouldn't have done X. Yes, we submit that. Just to make sure that I have them, you think the fact that he was prevaricating on whether or not the services were actually provided is one of them and then what was the other reason? That is the reason. Okay. That he never wavered on the denial that he failed, that he did not provide the services at all times. Every answer was, yes, my billing invoices were inaccurate for services I actually provided. But he says also that he receives money that he knows he's not entitled to. Because he believed, oh, I'm sorry, Judge. I'm so sorry. And it's those two parts of his allocution that suggest to me that he admitted the element. He knowingly submitted false dates and times. Yes. And he knew that that meant he was getting money he was not entitled to. You know that the law does not require the victim to be harmed. Not now. For fraud. Not now. So that's my concern, is that what he admitted in those two respects satisfies the element. I think that begs the question. He was not told that there were two separate elements necessary to support the federal fraud. He allocated only to deceit. So when he was asked whether or not he was satisfied, not that it was his burden to do it, but when he was asked whether he believed his deceit. Induced payments. No, no. That was, no. He didn't have that language. The district court did not. Okay. Received payments he was not entitled to. Well, he wasn't asked that. He was asked a broader question. I'm sorry. I thought that was exactly what he was asked. Did I misunderstand? I thought he was asked that the two things falsified the dates and received payments he wasn't entitled to. Okay. I think that's ambiguous for a layperson with no experience and without. It's harmless error with respect to telling him about an element if he allocutes to the element. That's my concern. Help me out. But he didn't allocate to it, Judge. He just did not. He didn't say I did it in order to induce. He said I lied. I misrepresented dates and times. But I provided the service. Neither his attorney nor the court nor the prosecutor placed anything on the record to disabuse appellant of the notion that his deceit alone was sufficient to disentitle him to the proceeds. What do we do with it? So the exact language on page 32 of the transcript, I'm not sure what the appendix site is, but it says as a result of filing those false bills, did you receive payment? Yes. And you received payment to which you were not entitled? Yes. So making those a single question, it's as a result of filing false bills, you received payment to which you were not entitled because in his mind on untutored by the court. I understand. But what if the court had said, right, if the error were not there and the court had said, in order to be guilty of this crime, you have to intend to you have to intend to receive money to which you are not entitled. No, no, no. No, no. That wouldn't do it. In order for the court to have properly and personally engage with appellant about the elements, the court would have had to say that you falsely induced the state to pay you. His answer, I believe on this record, is that I provided the service and I was paid for the service to the extent that my deceit is a problem. I take responsibility for that. Well, how would he not be entitled to the money except for the fact that he falsely submitted materials and then he receives money to which you were not entitled to, which he was not as he said he was entitled. I'm not as he provided the services. I'm suggesting that without having been told about the difference between the fraudulent intent and the deceit, we now know from cases and from any number of cases that the deceit alone can establish federal federal fraud. But appellant didn't know that. All he knew and the truth he told was that he submitted inaccurate billing statements and that deceit based on his allocution was sufficient for him to believe that he was not entitled. But that's not, he didn't make a legal determination. It's not his role to do that. It was the role of the district court to make clear, clear, and unambiguous the two elements which had to be met. I don't know if that answers. So at the time. No, no, no. We'll hear from you on rebuttal. It's to your colleagues. Oh that's my time is all gone? Yeah, it goes fast. May it please the court, good morning, my name is Eric Silverberg and I represented the government before the district court. The district court did not plainly err in accepting the defendant's guilty plea. I want to begin with the remarks of my adversary. We disagree, and I think the record is clear, the defendant didn't deny that he in fact performed the services. There are portions of the record where he says, well actually I did it this day, but when questioned by the district court, did you in fact get money to which you were not entitled, he said, yes, he did. That's very different than, for example, Abar-Peguero, which is cited extensively in both briefs, where the defendant there during the allocution denied at multiple points during the proceeding that he had in fact done the thing that he was accused of doing, concealing. Am I correct in understanding the government is relying only on harmless error here? Are you not arguing that the district court adequately explained this element? I think it's fair to say that the court can easily dispose of this case on harmless error, and we think that's a very easy way to do it. So our focus here is on harmless error. I do believe that the allocution, while not perfect, was not legal error, and certainly not plain error. I do think that the most ready grounds for the court to resolve this case is on harmless error. And looking to the entire record beyond just the allocation, it's clear that the defendant pleaded guilty because he is in fact guilty of health care fraud. So after the proceeding, after the change of plea proceeding, the pre-sentence report came out. It's very clear that the defendant did not perform more than 2,860 of these EIP, these early intervention program therapy sessions. It says they were nonexistent. That's in paragraph 11 of the PSR. In paragraph 15 of the PSR, it says that there were at least 31 developmentally delayed children who did not get the therapy services that they were. How do we look at that in terms of the plea? I mean, you might have had compelling evidence, overwhelming evidence of guilt. That wouldn't matter. It would matter what he allocated to. Sorry, speaking to the entire record, and specifically the third prong, the substantial rights prong, where under Vaughan, the court can look to the entire record, even to facts outside the plea. And so I think it is fair to... But is that if it was only in the record at the time? Right. I mean, it would seem to me that if he knew that that was the argument, it would be hard for him to say, oh, I, you know, I didn't allocate to X because I was afraid they were going to come out. for me for more. But if the PSR wasn't in the record at the time, how are we supposed to evaluate it in terms of whether or not there was an 11 v. 3 error at all? So I have both like a legal response and a factual response. Let me begin with the factual response. The complaint, which was obviously before the change of plea proceeding, did in fact have in paragraph, it's on, I think it's paragraph 12, excuse me, paragraph 9 of the complaint, which is in the appendix, that there were at least 2,860, quote, non-existent EIP sessions. But that wasn't in the indictment, which is the document he actually pled to, right? Correct. It was just, I just said it's clear, though, it was part of the record, and as a legal response to the question, the Court can consider, and I'm looking at page 487 of Avar-Peguero, can consider any record evidence to consider whether there was a Rule 11 violation. So, but let's sort of, to go back to Judge Raji's question, let's focus on plain error for a second. Even if we don't believe that we should take into account after the fact information in evaluating whether there was a Rule 11 error, plain error says that we have to find that the error seriously affected the fairness and integrity of the proceedings. And so I guess the question is then, in light of the lack of objection to the statement in the PSR that 2,000-some-odd sessions were just never performed, are we allowed to take that into account in evaluating the sort of fairness and integrity of judicial proceedings prong of plain error, even if we decide we don't want to take it into account in deciding whether there were sufficient facts in front of the judge at the moment to accept the plea? Yes, Your Honor. So I think the law is very clear that the Court can consider on plain error analysis any evidence, including PSR evidence, even if it postdates the date of the proceedings. So, for example, in Avar-Peguero, they talked about the PSR. They looked to it. Now, in that case, the PSR didn't address the infirmity in that case, but they noted that we can look there to consider whether there's enough evidence in this case. So certainly, because we're on plain error analysis, we can look at the entire record. I think it's clear from the Supreme Court's case in Vaughan, Avar-Peguero, you can look to the entire record. But even if we were ignoring all those facts, I do believe, again, our primary, I think, as I said earlier, the easiest way to dispose of this case is on plain error, looking to the entire record. But I do believe that the allocution, while not perfect, was legally sufficient. So, for example, there is no, we're not aware of any authority that says the failure to recite the elements alone is tantamount to a Rule 11 violation. And the cases cited by my adversary, there were much bigger problems in those cases. So, for example, Lloyd, which is cited in both parties' briefing, there was both a total lack of factual allocution whatsoever, and so that's one important distinction. And two, just that case had like, there was a Pinkerton theory of liability, and it wasn't clear to the court whether the defendant understood that he was accepting guilt for someone else's conduct. This is not that type of case. The allocution, as Judge Radji observed, there was a response that he was, he made false statements, there were false bills, and that it resulted, it allowed him to get money that he knew he was not entitled to. Under the health care fraud statute, I think that's sufficient. But looking to the entire record, it's clear what happened in this case. The defendant did not, in fact, perform these therapy sessions that he said he provided. The PSR, at sentencing, the defendant acknowledged that he read the PSR and had reviewed it with his attorney. He did not object to the PSR. The government, in its own sentencing brief, put those facts before the court. At sentencing, the court relied on the fact, in imposing sentence, that there were at least 31 developmentally delayed children who had not received treatment. That was before the defendant. There was no objection there. And, in fact, what the district court did, which is a little unusual in my experience, the court didn't then impose sentence. It paused and said, is there any objection to the sentence I'm about to impose? And there was no objection. And so I think it's clear that the defendant pled guilty because he was, in fact, guilty. He had every opportunity to object. He did not object. I think that is legally sufficient on plain error review for the court to consider. You make a point in your brief that you don't advance today, which is about his attorney advising him of the elements. We really don't have anything in the record on that, do we? We have nothing in the change of plea proceeding about the elements. There is an exchange in the, in the, at the beginning of the proceeding where the defendant says. Whether he spoke to his lawyer and whether he was satisfied, but there's nothing as to whether his lawyer spoke to him about that element. No, but there is, as part of that exchange, he does say, do you understand the charge? And this is, is this the charge that you want to plead guilty to? I don't think the word element is in there, but I think that is, I would submit is slicing it a little too fine. I'm not sure that's your strongest argument, and so you wisely did not emphasize it orally today. Okay. I understand. I, to be clear, I'm not, I think, I think there are easier and harder grounds on which this court can dispose of this case. But I just, if the question is, was there a Rule 11 violation, we don't think there was, but I understand, or to put otherwise, there certainly was not Rule 11 violation when looking at this case on a plain error review. That's my position. Unless the court has any other questions, we rest on our papers. Counsel, you have two minutes. I see. I see the rebuttal. Okay. Thank you so much. We will take this case under revise.